IN THE UNITED STATES COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| West American Insurance Company, ) | Case No. CV-02-297-N-EJL |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM DECISION AND** |
| v. ) | **ORDER** |
| ) | |
| Naturescapes, Inc., The Puryear Family Trust, ) | |
| Emmel Construction, Inc., Pavilion Pools ) | |
| L.L.C., and Cascade Falls, L.L.C., formerly ) | |
| Naturescapses North West, L.L.C.; ) | |
| ) | |
| Defendants. ) | |
| ) | |

     On or about December 9, 2002, Plaintiff West America Insurance Company by and through its attorney of record, Brian D. Harper, filed a Motion for Summary Judgment against the Defendants in the instant proceedings (Docket No. 44). Default had been previously been entered against defendants Naturescapes, Inc. (Docket No. 43), Emmel Construction, Inc. (Docket No. 30), Pavilion Pools, L.L.C. (Docket No. 41), and Cascade Falls, L.L.C. (Docket No. 42). The Defendant Puryear Family Trust ("Puryear") filed an Answer (Docket No. 17). Puryear also contested Plaintiff's Motion for Summary Judgment.

     Briefing was submitting both in support of (Docket Nos. 45, 46, 47, 49, 50, 51 and 53) and opposed to (Docket No. 52) the Motion for Summary Judgment. Thereafter, the Court, considering the pleadings and briefing of the parties, ruled on Plaintiff's Motion for Summary Judgment in an Order dated September 18, 2003 (Docket No. 54). The Court found that there were genuine issues of material fact which precluded entry of summary judgment during the pendency of the underlying state litigation. (State of Idaho, First District, Kootenai County Case No. CV-01-4433). Accordingly the Court denied the Motion for Summary judgment at that time (Docket No. 54).

     Plaintiff filed a Renewed Motion for Summary Judgment on or about September 22, 2004 (Docket No. 59) and supported it with affidavit and briefing. Puryear requested an additional stay while post-trial motions were being resolved in the State Court litigation (Docket No. 61). The Court granted the motion to stay and directed Puryear to file a notice once the State Court ruled on the pending motions. (Docket No. 63). Accordingly, Puryear filed a notice attaching the state court

**ORDER**        1

decision and filed a response in opposition to Plaintiff's motion for summary judgment. (Docket Nos. 65, 68). Plaintiff has filed a reply and the motion is now ripe for the Court's consideration.[1] (Docket Nos. 60, 66, 69, 70 and 71).

## Discussion

Plaintiff's motion for summary judgment seeks a determination that Plaintiff is not obligated to pay on behalf of Naturescapes, Inc. or indemnify Naturescapes, Inc. for any judgments rendered against it resulting from judgments entered in the state lawsuit entitled The Puryear Family Trust vs. Emmel Construction, Inc., et al., Kootenai County Case No. CV-01-4433. Because the post-trial motions in the state case have been resolved and default was entered in this case as to any of the Defendants having a right to bring such claims, Plaintiff argues it is proper for the Court to now enter judgment in its favor.

The State court ruled against Puryear Family Trust's claims against Naturescapes but granted judgment in favor of Puryear Family Trust on their claims for breach of contract relating to the construction of an outdoor swimming pool against Emmel Construction. (Dkt. No. 65). The State Court also granted judgment in favor of Emmel Construction against Naturescapes for indemnity and/or satisfaction of Puryear Family Trust's judgment against Emmel. (Dkt. No. 65). The only Defendant remaining without default having been entered in this case is Puryear Family Trust who objected to entry of summary judgment in this case until the state matter was resolved. The Court previously granted the stay until the state matter was resolved. (Dkt. Nos. 54, 63). Plaintiff has now filed with this Court the orders by the State Court which appear to have fully resolved the case pending before it. (Dkt. Nos. 70, 71). Having reviewed the proceedings in this case and the State Court matter the Court finds it appropriate to grant the Plaintiff's motion. The State Court has fully resolved the case before it and any potential claims by the Defendants in this case against Plaintiff are precluded as a result of the entry of default against Defendants. Puryear Family Trust has no legal basis for an indemnity claim against Plaintiff. Therefore, judgment as a matter of law is appropriate.

---

[1] Although Plaintiff did not formally request that the motion for summary judgment be reopened, because the parties have filed the appropriate responsive briefing as directed by the Court the Court will deem the motion for summary judgment reopen.

**ORDER** 2

**ORDER**

Based on the foregoing and being fully advised in the premises, the Court **ORDERS** that **DEFAULT JUDGMENT** be entered against Defendants Naturescapes, Inc., Pavilion Pools, LLC, and Cascade Falls, LLC.

The Court further **ORDERS** that Plaintiff's Renewed Motion (Dkt. No. 59) be **GRANTED**. This action is resolved as to all claims and all parties thereby closing the case.

DATED: **May 31, 2006**

~~Honora~~ble Edward J. Lodge
U. S. District Judge